UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGELA PEREZ DOWLING, <br><br> Plaintiff, <br><br> -against- <br><br> JUDGE LATOSHA LEWIS PAYNE, <br><br> Defendant. | 26-CV-3888 (LTS) <br><br> TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in New Jersey, brings this *pro se* action asserting claims arising

from her eviction from an apartment in Harris County, Texas. For the following reasons, the

Court transfers this action to the United States District Court for the Southern District of Texas.

**DISCUSSION**

Under the general venue statute, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents
> of the State in which the district is located; (2) a judicial district in which a
> substantial part of the events or omissions giving rise to the claim occurred, or a
> substantial part of property that is the subject of the action is situated; or (3) if
> there is no district in which an action may otherwise be brought as provided in
> this section, any judicial district in which any defendant is subject to the court's
> personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is

domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28

U.S.C. § 1391(c)(1), (2).

The sole defendant in this action is Judge Latosha Lewis Payne, who is the Presiding

Judge of the 55th Civil District Court in Harris County, Texas. Venue therefore does not appear

to be proper in this district under Section 1391(b)(1) because the defendant appears to reside outside the State of New York.

Plaintiff alleges that Defendant violated her rights in connection with an eviction that occurred in Harris County, Texas. It therefore appears that the events giving rise to Plaintiff's claims occurred in Harris County, and involved real property located in Harris County, which is within the Southern District of Texas, *see* 28 U.S.C. § 124(b). The facts alleged suggest that all of the events giving rise to Plaintiff's claims all occurred outside this district.[1] Venue therefore does not appear to be proper under Section 1391(b)(2) because it appears that all of the events giving rise to Plaintiff's claims occurred outside this district. Accordingly, transfer appears to be appropriate in this case. *See* 28 U.S.C. §§ 1404(a), 1406.

### WARNING

Plaintiff has filed numerous actions in this court. Many of the actions duplicated claims that Plaintiff had previously filed and asserted claims that had no connection to this district. *See, e.g.*, *Dowling v. Danks*, No. 26-CV-03152 (LTS) (S.D.N.Y. Apr. 17, 2026) (transferred to the District of New Jersey); *Perez v. Federal Bureau of Investigation*, No. 26-CV-3147 (LTS) (S.D.N.Y. May 1, 2026) (transferred to the District of New Jersey); *Dowling v. Triarc*, No. 25-CV-8729 (LTS) (S.D.N.Y. Dec. 17, 2025) (transferred to the Southern District of Texas). Another action was dismissed as frivolous. *See, e.g.*, *Dowling v. People of the Court*, No. 26-CV-0205 (LLS) (S.D.N.Y. Jan. 21, 2026).

---

[1] This District, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

Accordingly, the Court warns Plaintiff that abuse of the privilege of filing *in forma pauperis* (such as by repeatedly filing actions that are frivolous or have no connection with this district) may result in an order barring Plaintiff from filing new actions *in forma pauperis* unless she first obtains permission from the court. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Southern District of Texas. *See* 28 U.S.C. §§ 1404(a), 1406. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.[2] A summons shall not issue from this court. This order closes the case in the Southern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 12, 2026
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[2] Plaintiff has not paid the filing fees or submitted an application to proceed *in forma pauperis*.

3